HERBERT E. LOVEJOY *vs.* DUNCAN MACKINNON *et al.*

APRIL 8, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a bill in equity for the specific performance of a written agreement entered into between the complainant and the respondents for the exchange of certain properties owned by them. The cause was heard in the Superior Court on bill, answer and proof, and a decree was entered dismissing the bill. The cause is before us on complainant's appeal from said decree on the ground that it is against the law and the weight of the evidence, and that the trial justice erred in his finding of fact and the admission and exclusion of testimony.

It appeared in evidence that complainant, the owner of a house, store, gasoline station and four lots of land in North Attleboro, Massachusetts, employed one, King, a Pawtucket real estate agent, to sell this property, with the exception of one vacant lot. In July, 1930, King inserted the following advertisement in the Pawtucket Evening Times: "Gas station. Store and home on main road; old established stand selling 75,000 to 100,000 gallons yearly. Death causes sale. Might take income property in exchange. King, 93 Broad street, phone 6931."

Shortly thereafter Harriet D. MacKinnon, one of the respondents, called at King's office to make inquiries about the property. As a result of this interview both respondents went to see complainant's property. On July 24, 1930, the parties executed a written agreement whereby they contracted to exchange properties on or before September 1, 1930; complainant to convey three of said four lots with the buildings, stock, fixtures and goodwill of the business conducted by him on the premises; the respondents to convey a certain lot and buildings thereon located in the city of Pawtucket.

The respondents admitted the execution of this agreement and testified that it was the business of complainant

in which they were primarily interested. King likewise testified to this effect, and the record clearly shows, as the court below found, that in the proposed exchange of property an important and substantial inducement was the stated amount of business transacted in the gasoline station. The respondents testified that both the complainant and King stated the annual gasoline sales to be 100,000 gallons and the oil sales to be two car-loads yearly; that complainant stated his annual net profits to be $6,500 and indicated how this was estimated. The respondents also testified that at the time of the execution of the contract it was agreed that they were to have until September 1, 1930, to investigate and satisfy themselves as to the amount of business complainant had done and was doing and to acquire such business and property if the investigation bore out the truth of complainant's and King's representations.

It appeared in evidence that respondents, previous to the signing of the agreement of July 24, 1930, had made a partial investigation of the extent of said business but found that, in order to obtain adequate information, it would be necessary to continue the investigation. After the signing of the agreement the son of respondents, with the knowledge and assistance of the complainant, made a thorough and exhaustive examination of the amount of business. The result of this investigation was communicated by the son to his parents and on August 1, 1930,—eight days after the execution of the agreement—the respondents repudiated the agreement and refused to consummate the same. The reason for this action, as they testified, was that their son had found the sales of gasoline and oil to be considerably less than the 100,000 gallons stated in King's advertisement and orally repeated to them by both King and complainant. In this connection it is to be noted that complainant testified that in 1930 he sold around 50,000 gallons and in 1929 about the same amount. As the profit on gasoline sales was shown to be four cents per gallon, the materiality of the representations relative to yearly sales

of gasoline is readily apparent, and the same applies in a lesser degree to the sale of oil and other items of the business.

The great difference in the gasoline sales as stated in the advertisement and as disclosed through the investigation by respondents' son shows misrepresentation on the part of complainant and his agent which defeats complainant's right to specific performance.

Complainant urges his exception to the admission of oral testimony tending to vary or contradict the written contract. We find no error in the admission of such testimony, as it is elementary that parol proof is admissible to show fraud in obtaining a contract.

In 36 Cyc. p. 600, it is said: "That the contract was procured by the false representation of a material fact is a defense to specific performance at the suit of the party who made the representation. In general a less flagrant case of fraud is required to prevent specific performance than to recover damages or to obtain rescission." See also 12 R. C. L. p. 345.

In *Hunt* v. *Barker*, 22 R. I. 18, this court has quoted with approval that portion of the opinion in *Mead* v. *Bunn*, 32 N. Y. 275, in which that court says: "Every contracting party has an absolute right to rely on the express statement of an existing fact, the truth of which is known to the opposite party and unknown to him, as the basis of a mutual engagement; and he is under no obligation to investigate or verify statements as to the truth of which the other party to the contract, with full means of knowledge, has deliberately pledged his faith."

And in *Smart* v. *Boston Wire Stitcher Co.*, 50 R. I. 409, this court has said: "The remedy of specific performance is not a right of complainant but rests in the sound discretion of the court, guided by the principles of equity." *Ball* v. *Milliken*, 31 R. I. 36.

The Superior Court found "that vital matters of fact relative to the business of the station were misrepresented

to them (the respondents) by reason of which they were induced to execute the agreement, and that, therefore, the bill should be dismissed." This finding is fully substantiated by the evidence in the case, and the court below did not err in refusing to decree specific performance.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Thomas P. Corcoran, Charles E. Mangan,* for complainant.

*Thomas J. McParlin, Joseph T. Witherow,* for respondents.